**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAMBRIDGE HEALTH ALLIANCE** | ) |
| 1493 Cambridge Street | ) |
| Cambridge, MA 02139 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **ROBERT F. KENNEDY, JR.,** | ) |
| In His Official Capacity as Secretary, | ) |
| U.S. Department of Health and Human | ) |
| Services | ) |
| 200 Independence Avenue, S.W. | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION**

This is a civil action against the Secretary for the United States Department of Health and Human Services ("HHS") for judicial review following a final decision rendered on August 31, 2026, by the Provider Reimbursement Review Board ("PRRB" or "Board") (a component of HHS). The decision for which judicial review is sought is the dismissal of PRRB Case No. 26-2931. The basis for this lawsuit is the Secretary's willful refusal to follow clear, unambiguous federal law which imposes upon the Secretary and the Board a duty to issue orders, including a terminating ruling, in a manner that does not reflect an abuse to its discretionary powers, nor reflect a ruling that is based upon an arbitrary or capricious standard. Plaintiff Cambridge Health Alliance (hereinafter, "Plaintiff," "Provider," or "Plaintiff Hospital") specifically challenges the Board's dismissal of its administrative appeal arising from a patently obvious clerical error to

which the Board, in exercising its broad discretionary powers, chose to levy its permissible, yet most draconian penalty against Plaintiff by dismissing its administrative appeal, wherein the amount in controversy (additional Medicare hospital reimbursement) exceeded $300,000.00.

## I. INTRODUCTION

1. This timely action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.* (the "Medicare Act"), 5 U.S.C. §§ 706 *et seq.* (the Administrative Procedure Act or "APA"), 28 U.S.C. § 1361 (mandamus), and other authorities. The Medicare payments here pertain to how inpatient hospital days should be counted for purposes of calculating the Plaintiff Hospital's Medicare Disproportionate Share Hospital ("DSH") payments for the fiscal year ("FY") ending on June 30, 2022.

2. The Board denial of Plaintiff Hospital's administrative reconsideration letter dated August 31, 2026 (*see,* **Exh. B** attached hereto) was by its letter dated September 11, 2026 (*see,* **Exh. C** attached hereto). That was preceded by a final decision noticed by a Board letter dated August 31, 2026 (*see,* **Exh. A** attached hereto) dismissing Plaintiff Hospital's individual appeal of the sole issue so appealed, that being a dispute over the manner in which CMS, through its Medicare Administrative Contractor (hereinafter, "MAC"), *infra.,* misinterpreted and thus misapplied in its annual Medicare reimbursement calculations for Plaintiff Hospital the rules and regulations defining an adjustment factor called the Medicare Wage Index. The Board's designated case number for Plaintiff's administrative appeal is 26-2931.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 42 U.S.C. § 1395oo(f) (appeal of final Medicare program agency decision), 28 U.S.C. §§ 1331 (federal question), and 1361 (mandamus). *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *Monmouth Med. Ctr. v. Thompson*, 257 F.3d 807,

811, 813-15 (D.C. Cir. 2001); *United States v. Monzel*, 641 F.3d 528, 534 (D.C. Cir. 2011). Jurisdiction also is available under 28 U.S.C. § 1331 where the agency renders a final determination for which there is no administrative appeal available. *Am. Chiropractic Ass'n v. Leavitt*, 431 F.3d 812, 816 (D.C. Cir. 2005).

4. Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f)(1), 28 U.S.C. §1391(e)(1) and 42 CFR § 405.1136, the latter which provides that the proper venue for judicia review of a final adverse agency decision is in the U.S. District Court where the party resides or has its principal place of business, *or* the U.S. District Court for the District of Columbia.

## III. PARTIES

5. Plaintiff Cambridge Health Alliance, a health care provider and system with its main offices located at 1493 Cambridge Street, Cambridge, Massachusetts, had at all relevant times, a Medicare provider agreement and was eligible to participate in the Medicare program under Provider No. 22-0011. During the relevant time periods pertinent to this complaint, its FY 2022, Plaintiff furnished inpatient and outpatient hospital services to Medicare patients.

6. Defendant, Robert F. Kennedy Jr., Secretary of HHS ("Secretary" or "Defendant"), 200 Independence Avenue, S.W., Washington D.C. 20201, is the federal officer responsible for the administration of the Medicare program. Defendant Kennedy is sued in his official capacity.

## IV. THE MEDICARE PROGRAM

8. The Medicare Act establishes a system of health insurance for the aged, disabled, and individuals with end-stage renal disease. 42 U.S.C. § 1395c. The Medicare program is federally funded and administered by the Secretary through CMS (formerly the Health Care Financing Administration) and its contractors. 42 U.S.C. § 1395kk(a); 42 Fed. Reg. 13262 (Mar. 9, 1977). CMS implements the Medicare program, in part, through rulemaking. *See* 42 C.F.R. § 401.108. In

addition to the substantive rules published by the Secretary in the Code of Federal Regulations and the Rulings, CMS publishes other interpretative rules implementing the Medicare program, which are usually compiled in CMS manuals. The Secretary also issues other sub regulatory documents which generally do not have the force and effect of law. This civil action involves Medicare Part A. Part A provides coverage and payment for, among others, inpatient hospital services on a fee-for-service basis. 42 U.S.C. §§ 1395c to 1395i-6. Such items/services are furnished to Medicare beneficiaries by providers of services, including hospitals, that have entered into written provider agreements with the Secretary pursuant to 42 U.S.C. § 1395cc. Providers are paid (reimbursed) by CMS through the Medicare Administrative Contractor (MAC). *See* 42 U.S.C. § 1395kk-1(a).

9. Each Medicare-participating hospital is assigned to a MAC. 42 U.S.C. § 1395kk-1(a)(3)(B). The amount of the Medicare Part A payment to a hospital for services furnished to Medicare beneficiaries is determined by its MAC based on instructions from CMS. *See* 42 C.F.R. § 405.1803.

10. Effective with cost reporting years beginning on or after October 1, 1983, hospitals are reimbursed under the Hospital Inpatient Prospective Payment System ("IPPS") for inpatient hospital operating costs. *See* 42 U.S.C. § 1395ww(d). Under IPPS, Medicare payments for hospital operating costs are not based directly on the costs actually incurred by the hospitals. Rather, they are based on predetermined, nationally applicable rates based on the diagnosis of the patient determined at the time of discharge from the inpatient stay, subject to certain payment adjustments. *See id.* One of these adjustments is the Medicare DSH payment. *See* 42 U.S.C. § 1395ww(d)(5)(F).

11. At the close of its fiscal year (FY), a provider must submit a cost report to the MAC showing the costs it incurred during the fiscal year and the portion of those costs to be allocated to Medicare. 42 C.F.R. § 413.20. For Medicare, each hospital's MAC is required to analyze and audit

the hospitals annually submitted Medicare cost report and issue a Medicare Notice of Amount of Program Reimbursement ("NPR"), which informs the hospital of the final determination of its total Medicare reimbursement for the hospital's fiscal year. 42 C.F.R. § 405.1803.

12. The Medicare Act provides that if a hospital is dissatisfied with its MAC's final determination (or any revised final determination) of the hospital's total Medicare program reimbursement for a fiscal year as reflected in its NPR, and the hospital satisfies the amount in controversy requirements (not an issue in this case), the hospital has a right to obtain a hearing before the PRRB by filing an appeal within 180 days of receiving its NPR (or any revised NPR). 42 U.S.C. § 1395oo(a). In addition, the statute allows a hospital that is dissatisfied with a final determination of the Secretary as to the amount of the payment under subsection (b) or (d) of 42 U.S.C. § 1395ww to obtain a PRRB hearing by requesting the hearing within 180 days after notice of the Secretary's final determination. 42 U.S.C. § 1395oo(a)(1)(A)(ii), (a)(3).

13. The regulations interpret the statutory requirements by stating that "...the date of receipt by the Board of the provider's hearing request must be no later than 180 days after the date of receipt by the provider of the final contractor or Secretary determination." 42 C.F.R. § 405.1835(a)(3).

14. In addition to having the authority to make substantive decisions concerning Medicare reimbursement appeals, the PRRB is authorized to decide questions relating to its jurisdiction and procedure. The decision of the PRRB on substantive or jurisdictional issues constitutes final administrative action unless the Secretary reverses, affirms, or modifies the decision within 60 days of the hospital's notification of the PRRB's decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1875 and 405.1877. The Secretary has delegated authority under the statute to review PRRB decisions to the CMS Administrator. Thus, the Secretary's final administrative decision for

purposes of judicial review is either the decision of the PRRB or the decision of the CMS Administrator after review of the PRRB's decision.

15. A hospital may obtain judicial review by filing suit within 60 days of receipt of the Secretary's final administrative decision in the United States District Court for the judicial district in which the hospital is located or in the United States District Court for the District of Columbia. 42 U.S.C. § 1395oo(f)(1). Pursuant to 42 C.F.R. § 405.1801(a)(1)(iii), the date of receipt by a party involved in proceedings before the PRRB is presumed to be five days after the date of issuance of a PRRB document. As such, the deadline in this case to seek judicial review is August 7, 2026. This filing is therefore timely.

16. Under 42 U.S.C. § 1395oo(f)(2), interest is to be awarded in favor of the prevailing party in an action brought under 42 U.S.C. § 1395oo(f). Under 42 U.S.C. § 1395g(d), CMS is required to pay interest on underpayments to Medicare providers, if the underpayment is not paid within 30 days of a "final determination."

## V. BACKGROUND AND FACTS PERTINENT TO THIS CASE

17. On February 11, 2026, the MAC assigned by CMS to review Plaintiff's submitted annual Cost Report for its fiscal year ending June 30, 2022, issued to Plaintiff its Final Determination, or NPR. On August 10, 2026, Plaintiff Hospital, by and through its authorized representative, Quality Reimbursement Services ("QRS") filed its Notice of Appeal with the Board, disputing the MAC's calculations which culminated in the NPR, and in particular, the MAC's misapplication of rules and regulations giving rise to an adjustment factor known as the Wage Index. (*see,* **Exh. D** attached hereto). In its Notice of Appeal, Plaintiff identified the issue appealed as whether the MAC used the proper wage index for purposes of settling Plaintiff's Cost Report, and specifically, whether, as a result of rulemaking by CMS and applied by the Board

through its MAC, Plaintiff received a lower wage index than geographically lower rural hospitals in Plaintiff's State in violation of section (d)(8)(E) of the Social Security Act. (**Exh. D** at p. 5). <u>It is undisputed</u> that Plaintiff filed its appeal <u>in a timely fashion</u> pursuant to the rules and regulations in place at the time of the appeal filing; the appeal having been filed within the 180-day period from the date of issuance of the NPR on February 11.

18. It is also undisputed by the parties that within the body and text of the Notice of Appeal document electronically uploaded and filed on August 10, Plaintiff inserted the ***correct*** fiscal year end at issue (06/30/2022), provided the appropriate designation of the appealed issue (as reflected in its issue statement) and inserted the ***correct*** amount in controversy ($ 326,244.00), the latter figure clearly exceeding the requisite jurisdictional amount (i.e., threshold amount at issue of at least $10,000 for an individual provider such as Plaintiff per 42 U.S.C. § 1395oo et seq).. Such that, from a statutory perspective, Plaintiff met all the preliminary requirements to file an effective and appropriate individual appeal to the Board.

19. Unfortunately, serving as the sole grounds for the Board's dismissal of Plaintiff's appeal, and through acknowledged inadvertence and clerical error, the requisite jurisdictional documentation uploaded and filed by QRS along with the Notice of Appeal; to wit, the MACs final determination under appeal, reflected a determination for fiscal year **2021** issued to Plaintiff rather than the final MAC determination appropriate for *this* appeal concerning fiscal year **2022**. (QRS had just recently filed a different appeal for this same Plaintiff Hospital arising from a MAC determination concerning fiscal year 2021 (*see,* **Exh. B** at p. 1)).

20. Despite the acknowledgement of error and explanation of inadvertently uploading a MAC determination (NPR) *for this same Plaintiff Hospital albeit for a prior fiscal year* by Plaintiff's representative QRS, the Board nevertheless denied Plaintiff's Motion and Request for

Reinstatement (*see,* **Exh. C** at p. 3).

21. Plaintiff, by and through its representative, acted immediately upon the Board's notice (in its Determination re: Filing Requirements/Dismissal of Appeal letter, **Exh. A**) and on the very day it received the Board's Notice, rectified the clerical error by uploading and filing the *correct* jurisdictional documentation relating to Plaintiff's FY 2022 at issue.

## VI. <u>THE BOARD'S DISMISSAL OF PLAINTIFF'S APPEAL WAS AN ARBITRARY AND CAPRICIOUS EXERCISE OF ITS DISCRETIONARY AUTHORITY</u>

22. The Board asserts that under 42 C.F.R. § 405.1835(b), if a Hospital provider such as Plaintiff, "[d]oes not meet the requirements of paragraph (b)(3) of that section (which would encompass a failing to file of a copy of the correct MAC's NPR), the Board ***may*** dismiss with prejudice an appeal, "*….**or take any other remedial action it considers appropriate*** (*see,* **Exh. A** at p. 2) (emphasis added). This bolded language is critical in the analysis of whether the Board's conduct herein was both arbitrary and capricious inasmuch as it clearly gives the Board the *discretion* to levy remedial action that falls short of an appeal dismissal such as that occurring in the instant case.

23. In its appeal dismissal letter (**Exh. A**), the Board recites and goes to great lengths to highlight a number of rules and regulations intended to support its draconian remedy of a dismissal with prejudice of Plaintiff's appeal. And, it accurately sets forth the accurate language of such rules and regulations. What the Board does ***not*** bother to address in any meaningful manner is the critical fact that its right by regulation to dismiss an appeal with prejudice, while reflecting its ***discretionary authority*** per 42 C.F.R. § 405.1835(b) must not be carried out in an arbitrary nor capricious manner. If it is determined that its decision making is carried out in such a fashion, it would give rise to an ***abuse of its discretionary authority.***

24. Agency action is deemed arbitrary and capricious if the agency fails to consider an important aspect of the problem, offers an explanation that runs counter to the record, or fails to articulate a rational connection between the facts found and the choice made. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 48 (1983).

25. In reaching its decision to dismiss Plaintiff's appeal (*see,* **Exh.** A) and refusing to reinstate it (*see,* **Exh. C**), the Board clearly turned a blind eye and refused to consider important aspects notwithstanding the acknowledged filing of jurisdictional documents for Plaintiff's prior, unrelated appeal, including that (a) Plaintiff's appeal was filed within the statutory 180-day period; (b) the error by Plaintiff's representative was clerical and curable (*see,* **Exh. B**); (c) the correct final determination was in existence and was supplied on the day of that the dismissal letter was issued, *ibid*; (d) no Board deadline had been missed and no party was shown to be prejudiced; (e) dismissal would extinguish a statutory right to a hearing on a $326,244 claim; and (f) remedial alternatives under 42 C.F.R. §§ 405.1835(b) and 405.1868(b)(2)–(3) were available but obviously never truly considered given the factors and decision to dismiss reached.

26. Indeed, running contrary to the Board's decision to dismiss Plaintiff's appeal and its denial of Plaintiff's Motion and Request for Reinstatement was its outright acknowledgement that, "… [t]he Representative **has cured the defect** in this case by belatedly filing a copy of the correct final determination and other issue related support for FY 2022," and acknowledged QRS's statement that all information cited in the appeal related to the correct fiscal year. (*see,* **Exh. C** at p. 3) (emphasis added). Hence, the Board found that the "defect" was cured (on the same day as its issuance of the dismissal) and that the cured defect was dispositive, yet failed to mention what harm to any other interested party, *if any* remained to be addressed. In fact, no other interested party was harmed or prejudiced by the inadvertent error in any fashion *whatsoever.*

27. In reaching its arbitrary and capricious decision to deny Plaintiff's Motion for Reinstatement and uphold its ruling to dismiss its appeal, the Board relied upon its *own* Rule 47.1 quoting the rule that:

> A provider may request reinstatement of an issue(s) or case within three years from the date of the Board's decision to dismiss the issue(s)/case, or if no dismissal was issued, within three years of the Board's receipt of the provider's withdrawal of the issue(s) (see 42 C.F.R. § 405.1885 addressing reopening of Board decisions). The request for reinstatement is a motion and must be in writing setting out the reasons for reinstatement (see Rule 44 governing motions). **The Board will not reinstate an issue(s)/case if the provider was at fault…"** (**Exh. C** at p. 2).

28. The Board's analysis of whether the corrective filing could be treated as a new appeal addressed the wrong question. Under Rule 47.1, reinstatement restores the provider's rights in its initial appeal, and the initial appeal was filed on August 10, 2026, within the period the Board itself computed. The Board never explained why that timely appeal could not be restored.

29. Moreover, the Board's own Rule 47.1, *supra* is on its face defective and unenforceable as it clearly runs contrary to the language of 42 C.F.R. § 405.1835(b), cited by the Board as part of its rationale to dismiss Plaintiff's appeal (*see,* **Exh. A** at 2). Keeping in mind the Board's expressed reliance upon Rule 47.1, *supra* reminding Plaintiff that it will not reinstate an appeal/case if the source of an error was the 'provider's fault', but then at the same time relying upon § 405.1835(b) that should a Hospital provider such as Plaintiff "not meet the requirements of paragraph (b)(3) of that section (that is, failing to accompany a Notice of Appeal with, ex., a copy of the determination), the Board ***may*** dismiss with prejudice an appeal, "….***or take any other remedial action it considers appropriate.*** The contradiction is clear; the Board cannot conceivably "take any other remedial action it considers appropriate" while relying upon its own Rule 47.1 that, "The Board will not reinstate an issue(s)/case if the provider was at fault." "Provider fault" must necessarily include a simple inadvertent, clerical type error such as that which occurred

herein, and hence, is at direct odds with the regulation providing that the Board has the option to "take any other remedial action it deems appropriate." In this case and given the oversight that resulted in Plaintiff's representative inadvertently uploading a MACs NPR reflecting Plaintiff's other, unrelated appeal for the prior fiscal year, filed recently by that same representative, the Board had every reason to exercise sound discretion under the stated circumstances to reinstate Plaintiff's appeal under 42 C.F.R. § 405.1835(b). If not under the circumstances of an acknowledged, human error perpetrated by Plaintiff's representative (promptly cured on the very same day that the dismissal was issued), one must ask under *what* circumstances should the Board take 'other, appropriate remedial action' short of a dismissal with prejudice.

30. The courts have considered this very impasse and at times where appropriate, have criticized an agency Board's overt reluctance to opt for, "other remedial action" versus an outright dismissal with prejudice of a provider's claim. *See, Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43, 48 (1983) (agency failing to consider obvious alternatives). Also instructive is the case *American Farm Lines v. Black Ball Freight Serv*., 397 U.S. 532, 539 (1970), where the court noted that it is always within the discretion of a court or an administrative agency, "…[t]o relax or modify [their] procedural rules adopted for the orderly transaction of business … when in a given case the ends of justice require it." (citing, *NLRB* v. *Monsanto Chemical Co.,* 205 F. 2d 763, 764; *NLRB* v. *Grace Co.,* 184 F. 2d 126, 129; *Sun Oil Co.* v. *FPC,* 256 F. 2d 233; *McKenna* v. *Seaton,* 104 U. S. App. D. C. 50, 259 F. 2d 780.) Such rulings would appear to uphold the general principle that the discretionary duty of an administrative agency to dismiss a party's claim is permissive, not mandatory, (and *see,* 42 C.F.R. § 405.1835(b), *supra*) and when having to act, an agency Board's ultimate decision reached should reflect fair-mindedness, even-handedness and be such as to advance equitable principles and justice where the facts present call for imposition of a

remedy short of the dismissal of a claim.

31. Plaintiff acknowledges that under 42 C.F.R. § 405.1835(b), an appeal request must include, among other things, a copy of the final determination under appeal. If an appeal request does not meet that requirement, the regulation provides that the Board "***may***" dismiss the appeal with prejudice "***or take any other remedial action it considers appropriate***" (emphasis added). However, the remedy ultimately imposed by the Board must be fair and equitable under the specific circumstances surrounding the error perpetrated by/on behalf of the hospital provider. In this matter, the Board did not find that the appeal was untimely (it was not). It did not issue a show-cause order or request the correct documents which could have foreclosed the Board's immediate, knee-jerk reaction giving rise to the dismissal of Plaintiff's appeal. Nor did the Board identify prejudice or harm to any party occasioned by the error, and it did not discuss in its ultimate ruling any remedial action short of dismissal that it considered and could have been invoked..

32. Under 42 U.S.C. § 1395oo(f)(1), an action brought for judicial review of final agency action involving PRRB appeals "...shall be tried pursuant to the applicable provisions under chapter 7 of title 5" of the U.S. Code, which contains the APA. Under the APA, a "...reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Further, a "...reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . unsupported by substantial evidence in a case . . . reviewed on the record of an agency hearing provided by statute [.]" 5 U.S.C. § 706(2)(E).

33. It is abundantly clear that the Board demonstrated a deliberate disregard towards the alternate relief (to a full appeal dismissal) provided for in 42 C.F.R. § 405.1835(b), instead electing to rely exclusively upon its own Board Rule 47.1 by handing down its dismissal of appeal

determination. That Rule does not give the appropriate deference to and in fact conflicts with a published regulation intended to govern instances such as present here; the inadvertent uploading and filing of the wrong document (an error that was promptly addressed and corrected). 42 C.F.R. § 405.1835(b) makes clear that the Board has an affirmative duty to consider other appropriate remedial action *where equity demands* such a result.

## **Count I**

Judicial Review Under the Medicare Act and the APA

(Board Rule 47.1 Does Not Afford Deference to a Published CMS Regulation and Conflicts with the Intent of that Regulation. As such, the Dismissal of Plaintiff's Appeal was Arbitrary, Capricious, an Abuse of Discretion, and Otherwise Contrary to Law)

34. Plaintiff Hospital incorporates paragraphs 1-33 of this Complaint by reference.

35. The APA prohibits agency action that is "...arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or that is "...unsupported by substantial evidence," *id.* § 706(2)(E).

36. Board Rule 47.1 was promulgated with the intent to disregard the language of a published regulation, 42 C.F.R. § 405.1835(b) by limiting its remedy for any non-compliance with other Board rules and provisions to a dismissal in instances where an error in filing the correct document in an otherwise timely filing was the hospital provider's 'fault'.

37. The Board only has the authority to make rules and establish procedures that are not inconsistent with statute or the regulations of the Secretary and that are necessary or appropriate to carry out the statutory provision authorizing the Board. Board Rule 47.1 is inconsistent with 42 C.F.R. § 405.1835(b) and should have no force and effect.

38. Based upon the foregoing, the Board's dismissal of Plaintiff's appeal was ultra vires, arbitrary and capricious, an abuse of discretion, and otherwise contrary to the Medicare Act.

## V. REQUESTED RELIEF

For the foregoing reasons, Plaintiff Hospital seeks an Order;

a. Reversing the Board's dismissal of Plaintiff's appeal;

b. Remanding this matter back to CMS with instructions to order that the Board to reinstate Plaintiff's appeal to its active docket and proceed with further proceedings on Plaintiff's appeal consistent with this Court's ruling;

c. Awarding Plaintiff Hospital's costs and reasonable attorneys' fees, and for interest; and

d. Fashioning such other and further relief the Court deems appropriate.

Dated: October 30, 2026

Respectfully submitted,

ALAN J. SEDLEY LAW CORP.

/s/ Alan J. Sedley
ALAN J. SEDLEY (Bar No. OH0017)
18880 Douglas, Suite 417
Irvine, CA 92612
(818) 601-0098
asedley@sedleyhealthlaw.com

*Attorneys for Plaintiff*